# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-7138**

**September Term, 2025**

**1:25-cv-01916-UNA**

**Filed On:** February 24, 2026

S.R.B. Kenneth,

       Appellant

    v.

TYPSA Group and Kingdom of Spain,

       Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Millett, Pan, and Garcia, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing, and the motion for leave to file the brief under seal, it is

**ORDERED** that the motion for leave to file under seal be granted. The Clerk is directed to file the lodged sealed brief. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's August 8, 2025 order dismissing the complaint be affirmed. The district court correctly concluded that appellant's claims against the Kingdom of Spain are barred by sovereign immunity. Insofar as appellant asserts that exceptions to the Foreign Sovereign Immunities Act apply, see 28 U.S.C. §§ 1605(a)(2), (3), he has not shown that the Kingdom of Spain engaged in commercial activity in the United States, expropriated property in the United States, or otherwise fulfilled the requirements of the cited exceptions.

The district court also correctly concluded that it lacked jurisdiction over appellant's claims against TYPSA Group. Appellant has not alleged a "domestic injury

to [his] business or property," as required to establish jurisdiction under 18 U.S.C. § 1964(c). See RJR Nabisco, Inc. v. European Cmty., 579 U.S. 325, 346 (2016). Nor has appellant alleged any specific conduct of TYPSA Group that violates a particular tenet of "the law of nations or a treaty of the United States," as required to establish jurisdiction under 28 U.S.C. § 1350.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                     **FOR THE COURT:**
                                     Clifton B. Cislak, Clerk

BY:   /s/
           Daniel J. Reidy
           Deputy Clerk